JOHN C. ULIN (SBN 165524)
Email: julin@troygould.com
ERIC M. SEFTON (SBN 319528)
Email: esefton@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Plaintiff
JAZWARES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZWARES, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>EMMANUEL JOSE PEREZ and DOES 1-10,<br><br>   Defendants. | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**TroyGould PC**

Plaintiff Jazwares, LLC ("Jazwares") alleges the following with personal knowledge as to its own actions and on information and belief as to all other matters.

## I.
## JURISDICTION

1. This is an action for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 & 1125, as well as infringement of Jazwares' rights under California state law. The Court has federal question jurisdiction over the action and the federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The Court also has diversity jurisdiction over the entire action under 28 U.S.C. § 1332 because Jazwares and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

2. Venue is proper in this Federal District Court because Defendant resides within the boundaries of the district.

## II.
## DIVISIONAL ASSIGNMENT

3. This Complaint includes an intellectual property cause of action, an excepted category under Civil Local Rule 3-2(c), and consequently should be assigned on a District-wide basis. Upon information and belief, a substantial part of the events giving rise to Jazwares' claims occurred in the County of Santa Clara. Upon information and belief, a substantial part of the property that is the subject of this action is situated in the County of Santa Clara.

## III.
## SUMMARY OF ACTION

4. This action arises from Defendant Emmanuel Jose Perez's ("Defendant") illegal and unauthorized disclosure and sale of Jazwares' trade secrets and knowing trafficking in stolen samples and prototypes of All Elite Wrestling ("AEW") action figures that Jazwares never approved for public release, let alone

sale. Defendant has willfully misused Jazwares' trade secrets and illegally obtained and sold unauthorized samples and prototypes of its action figures in order to enrich himself and to increase his notoriety on social media. He has rebuffed Jazwares' efforts to resolve the dispute voluntarily without resort to litigation, mocking Jazwares' cease-and-desist letters on Facebook and Instagram and flouting his obligations to comply with the law and to avoid further trade secret misappropriation, conversion, unfair competition, and trademark misuse. Instead of stopping when Jazwares contacted him, Defendant instead doubled down and increased the frequency of his unlawful misuse of Jazwares' confidential information and his unauthorized trafficking in illegally obtained AEW action figure product samples and prototypes during December 2021 and January 2022.

5. Enough is enough. Jazwares can no longer stand by while Defendant's flagrant misconduct threatens both its relationships with licensors and vendors, who rely on its diligent protection of trade secret information and carefully planned marketing and distribution strategies, and its reputation in the toy industry as a company with strong quality controls, which assure consumers that toys sold under the AEW and Jazwares trademarks are of the high quality they have come to expect.

6. Jazwares therefore brings this lawsuit, asserting claims for misappropriation of trade secret, conversion, unfair competition under state and federal law, and under federal trademark law to protect its interests and to put a stop to Defendant's open and willful violations of the law once and for all.

## IV.

## THE PARTIES

7. Jazwares is a limited liability company organized under the laws of Delaware, with its principal place of business in Broward County, Florida.

8. Defendant is an individual who resides in the County of Santa Clara, California.

9. The true names and capacities of defendants sued herein as DOES 1-10, inclusive, are unknown to Jazwares, who therefore sues said defendants by such fictitious names. Jazwares will amend this Complaint to allege their true names and capacities when the same are ascertained.

10. Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent, and permission of one another. Upon information and belief, the defendants sued herein as DOES 1-10 are working in concert to provide Defendant with access to Jazwares' trade secrets and illegally obtained product samples and prototypes.

## V.

## FACTUAL ALLEGATIONS

### A. Jazwares' Careful Protection of Trade Secrets and Confidential Information About AEW Action Figures

11. Jazwares is a global leader in toys and licensing. Its subsidiaries and affiliates manufacture and sell some of the world's most popular toys. One of Jazwares' successful toys is a line of action figures in the images of well-known AEW wrestlers. AEW granted Jazwares an exclusive license to use various AEW trademarks and the names and images of its wrestlers in the development of the action figures, which generate tens of millions of dollars in sales annually.

12. Jazwares' AEW action figures are collectible toys. As a result, Jazwares commonly releases them in small batches of between 500 and 5,000 toys, which appeals to collectors.

13. Jazwares carefully designs marketing and distribution plans, including timelines for the development and release of new AEW action figures, to assure the success of its business. Jazwares, its licensors and its vendors rely on these plans in

managing their businesses and any deviation from these plans is costly, both in terms of monetary and reputational loss.

14. Jazwares has taken careful steps to ensure the confidentiality of information about AEW action figures that have not yet been released. It also closely guards the confidentiality of future marketing and distribution plans for AEW action figures.

15. Jazwares does not authorize the release or sale of samples, prototypes, unreleased products, final engineering pilots ("FEPs") for future products, or confidential designs for future products.

16. FEP samples and prototypes are typically marked with ink at the factory to make clear that they are not to be released to the public.

17. The packaging for FEP samples and prototypes is typically crushed at the factory to further demonstrate that the samples and prototypes are not to be released to the public.

18. Jazwares' product samples, prototypes, and FEPs are kept securely at Jazwares' facilities to prevent unauthorized release prior to their destruction. In addition to maintaining the confidentiality of its trade secret product development information, Jazwares prevents the release of its samples, prototypes and FEPs as a quality control measure, in order to assure that the action figures that are released to the public meet the exacting quality standards that consumers have come to expect from Jazwares.

19. Jazwares' extensive efforts to maintain the secrecy and confidentiality of its samples, prototypes, and FEPs and to prevent their unauthorized public release have been very successful and the unauthorized release of samples and prototypes and FEPs is very rare.

**B.      Jazwares Learns of Defendant's Illegal Conduct**

20. In the summer of 2021, Jazwares became aware of an Instagram account on which a user by the name of "Prince Unmatched" had posted photographs of

Jazwares' AEW action figures, including photographs of samples and prototypes and FEPs, and notably of products that Jazwares had not yet authorized for public release.

21. After additional internet searches, Jazwares learned that the "Prince Unmatched" Instagram account is operated by Defendant.

22. In June 2021, Jazwares commented on one of Defendant's Instagram posts that depicted illegally obtained prototypes of AEW action figures and admitted to selling them and informed him that the purchase and sale of prototypes of Jazwares' AEW action figures constituted illegal trafficking in stolen property. Defendant ignored the warning.

23. In August and September of 2021, Defendant posted numerous images of illegally obtained samples and prototypes of Jazwares' AEW action figures, including toys that had not yet been released for sale to the public.

24. In these posts, Defendant repeatedly admits that the AEW action figures are "sample[s]" and "[p]re-production" prototypes.

25. Defendant further explains that he knows how to identify which action figures are samples and prototypes based on the markings on the action figures.

26. Defendant even admits that he purchases the sample and prototype action figures from an unknown person and then resells them online for as much as $400 each.

27. Upon information and belief, Defendant acquires samples, prototypes, and FEPs of Jazwares' AEW action figures from an unknown person affiliated with one of the third-party factories in China where Jazwares' AEW action figures are manufactured.

C.  **Defendant Mocks Jazwares' Requests That He Stop His Unlawful Conduct**

28. Jazwares sent Defendant a cease-and-desist letter at the end of September 2021 and another at the beginning of October 2021.

29. In its letters, Jazwares again informed Defendant that he was misappropriating their trade secrets and illegally trafficking in samples, prototypes, and FEPs of Jazwares AEW action figures, which Jazwares has not authorized for release to the public.

30. Defendant never replied to Jazwares. Instead he posted sarcastic and profane responses on his social media accounts, changed his Instagram account design to mock Jazwares' own account, and continued to flout his legal obligations, often openly.

**D.   Defendant's Illegal Conduct Increases In December 2021 And January 2022**

31. Between December 3, 2021, and January 3, 2022, Defendant has accelerated his illicit activities by knowingly posting no less than thirteen images of illegally obtained samples and prototypes of AEW action figures that Jazwares has not authorized for release to the public.

32. In these posts, Defendant makes clear that he knows he is posting images of illegally obtained samples and prototypes. In two posts, Defendant refers to the action figure as a sample. In another, he refers to the action figure as an FEP prototype of a future product.

33. Defendant even went so far as to post images that revealed a previously undisclosed partnership between Jazwares and the Upper Deck company to include collectible trading cards in AEW action figure packages. Absent Defendant's posts, this partnership would have remained entirely confidential until January 6, 2022. Defendant admits in the post that he knew that the partnership between Jazwares and Upper Deck was confidential prior to his unauthorized disclosure.

**FIRST CAUSE OF ACTION**

(Defend Trade Secrets Act, 18 U.S.C. § 1836)

34. Jazwares repeats and realleges each and every allegation above as if set forth herein.

35. Jazwares owns various trade secrets, including the samples and prototypes and FEPs for its AEW action figures and future marketing and distribution plans for the toys.

36. Jazwares' samples and prototypes and FEPs derive value from being unknown to the public because they contain information about Jazwares' confidential product development processes and, when they relate to products that have not yet been released for sale, contain information about undisclosed or prospective relationships with licensing partners like Upper Deck, as well as information about future releases of AEW action figures, which are particularly valuable in the collectible action figures market.

37. Jazwares has invested substantial resources to keep its samples and prototypes and FEPs secret, including by refusing to authorize the release of samples and prototypes, by marking samples and prototypes to indicate that they should not be released to the public, crushing the packaging for samples and prototypes to indicate that they should not be released to the public, and keeping samples and prototypes in Jazwares' secure facilities before they are destroyed.

38. Jazwares' efforts to keep its FEP samples and prototypes and other pre-release information about its action figures confidential have been highly effective. Other than Defendant's transgressions, public release or disclosures of samples and prototypes or pre-release information is very unusual.

39. Defendant has misappropriated Jazwares' trade secrets by illegally acquiring Jazwares' samples and prototypes and FEPs without Jazwares' authorization, in violation of Jazwares' strict policy of not releasing samples and prototypes.

40. On information and belief, Defendant is illegally acquiring Jazwares' samples and prototypes and FEPs from rogue employees at one or more third-party factories in China where Jazwares' AEW action figures are manufactured. The factories where the AEW action figures are manufactured owe Jazwares a contractual

duty not to release samples and prototypes to third parties. Defendant's acquisition of samples and prototypes of AEW action figures represents a breach of this duty.

41. Defendant has further misappropriated Jazwares' trade secrets by disclosing and selling Jazwares' samples and prototypes and FEPs without Jazwares' authorization and despite Jazwares' specific demand that Defendant cease-and-desist the illegal disclosure and sale of Jazwares' samples and prototypes and FEPs.

42. Jazwares has been damaged by Defendant's misappropriation of its trade secrets, which threatens to deprive Jazwares of its ability to control the quality of its goods and to damage its reputation among consumers and business partners and its valuable relationships with licensing partners and vendors.

43. Defendant's misappropriation of Jazwares' trade secrets is willful and malicious because Defendant states in the social media posts that he knows he is selling unreleased samples and prototypes and FEPs. Defendant has also continued to sell samples and prototypes and FEPs of Jazwares' AEW action figures after Jazwares informed Defendant that his actions are illegal and misappropriate Jazwares' trade secrets.

44. Jazwares has no adequate remedy at law for Defendant's misappropriation and misuse of its trade secrets and is entitled to preliminary and permanent injunctive relief directing him to stop.

45. Jazwares is further entitled to an award of exemplary damages and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

(California Uniform Trade Secrets Act, Cal. Civ. Code § 3426)

46. Jazwares repeats and realleges each and every allegation above as if set forth herein.

47. Jazwares owns various trade secrets, including the samples and prototypes and FEPs of AEW action figures.

48. Jazwares' samples and prototypes and FEPs derive value from being unknown to the public because they contain information about Jazwares' confidential product development processes and, when they relate to products that have not yet been released for sale, contain information about undisclosed or prospective relationships with licensing partners like Upper Deck, as well as information about future releases of AEW action figures, which are particularly valuable in the collectible action figures market.

49. Jazwares has invested substantial resources to keep its samples and prototypes and FEPs secret, including by refusing to authorize the release of samples and prototypes, by marking samples and prototypes to indicate that they should not be released to the public, crushing the packaging for samples and prototypes to indicate that they should not be released to the public, and keeping samples and prototypes in Jazwares' secure facilities before they are destroyed.

50. Jazwares' efforts to keep its FEP samples and prototypes and other pre-release information about its action figures confidential have been highly effective. Other than Defendant's transgressions, public release or disclosures of samples and prototypes and FEPs or pre-release information is very unusual.

51. Defendant has misappropriated Jazwares' trade secrets by illegally acquiring Jazwares' samples and prototypes and FEPs without Jazwares' authorization, in violation of Jazwares' strict policy of not releasing samples and prototypes and FEPs.

52. On information and belief, Defendant is illegally acquiring Jazwares' samples and prototypes and FEPs from rogue employees at one or more third-party factories in China where the AEW action figures are manufactured. The factories where the AEW action figures are manufactured owe Jazwares a contractual duty not to release samples and prototypes and FEPs to third parties. Defendant's acquisition of samples and prototypes of AEW action figures represents a breach of this duty.

53.     Defendant has further misappropriated Jazwares' trade secrets by disclosing and selling Jazwares' samples and prototypes and FEPs without Jazwares' authorization and despite Jazwares' specific demand that Defendant cease-and-desist the illegal disclosure and sale of Jazwares' samples and prototypes and FEPs.

54.     Jazwares has been damaged by Defendant's misappropriation of its trade secrets, which threatens to deprive Jazwares of its ability to control the quality of its goods and to damage its reputation among consumers and business partners and its valuable relationships with licensing partners and vendors.

55.     Defendant's misappropriation of Jazwares' trade secrets is willful and malicious because Defendant states in the social media posts that he knows he is selling unreleased samples and prototypes and FEPs. Defendant has also continued to sell samples and prototypes and FEPs of Jazwares' AEW action figures after Jazwares informed Defendant that his actions are illegal and misappropriate Jazwares' trade secrets.

56.     Jazwares has no adequate remedy at law for Defendant's misappropriation and misuse of its trade secrets and is entitled to preliminary and permanent injunctive relief directing him to stop.

57.     Jazwares' is further entitled to an award of exemplary damages and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

58.     Jazwares repeats and realleges each and every allegation above as if set forth herein.

59.     Defendant's illegal sale of action figure samples, prototypes, and FEPs that bear the AEW trademarks, and posting photographs of them, constitute use of a word, term, symbol, name, device, or any combination thereof, and false or misleading representations of fact in connection with Jazwares' AEW action figures, which are likely to cause confusion, mistake, or deception as to the affiliation,

connection, or association of Jazwares with Defendant or the toys he posts about and sells, or as to the origin, and Jazwares' sponsorship or approval of the toys sold and posted by Defendant or his commercial activities.

60. Defendant's illegal sale of action figure samples, prototypes and FEPs that bear the AEW trademarks, and posting photographs of them, undoubtably misleads consumers about whether Jazwares approves the public release and sale of such items, who Defendant's source was, and whether Jazwares' AEW action figures are subject to appropriate quality controls, such that consumers know the toys will meet Jazwares' high quality standards when they purchase them.

61. Defendant's posts and sales of the samples and prototypes and FEPs are at the very least misleading as to whether the samples and prototypes and FEPs come from Jazwares, which does not authorize their release under its licensed marks, as opposed to coming from a rogue employee at a third-party factory who is stealing and selling or otherwise distributing them without authorization.

62. Defendant's posts and sales of the samples and prototypes and FEPs are similarly misleading and likely to cause confusion about whether Jazwares approves the release of these samples and prototypes, which it does not, or is affiliated, connected, or associated with them as items for sale or public release, which it is not.

63. Defendant's sale of samples, prototypes and FEPs is also likely to create confusion about whether Defendant is associated with Jazwares or AEW or otherwise authorized to promote and sell these items, which he is not.

64. Defendant uses the challenged words, terms, symbols, names, devices, or combinations thereof, and makes the false or misleading representations of fact in interstate commerce because Defendant sells the samples and prototypes and FEPs and posts about them on the internet.

65. Defendant uses the challenged words, terms, symbols, names, devices, or combinations thereof, and makes the false or misleading representations of fact in

1 connection with goods because Defendant sells and posts about samples and
2 prototypes and FEPs of Jazwares' AEW action figures, which are goods.

3    66.    Jazwares has been damaged because Defendant's uses of the challenged
4 words, terms, symbols, names, devices, or combinations thereof, and false or
5 misleading representations of fact have deprived Jazwares of control over the quality
6 of its goods, its reputation among consumers and business partners, and its valuable
7 relationships with licensing partners and vendors.

8    67.    Defendant's violations of the Lanham Act constitute an exceptional case
9 because Defendant has knowingly and willfully trafficked in stolen products bearing
10 the AEW trademarks and has continued to violate Jazwares' rights under the Lanham
11 Act and mocked and flouted his legal obligations, even after being put on notice by
12 Jazwares that his conduct is illegal.

13   68.    Jazwares is entitled to an award of treble damages and reasonable
14 attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
(Section 32 of the Lanham Act, 15 U.S.C. § 1114)

17   69.    Jazwares repeats and realleges each and every allegation above as if set
18 forth herein.

19   70.    Jazwares is AEW's exclusive licensee for action figures in the United
20 States.

21   71.    Defendant uses the AEW trademarks without permission when he
22 illegally sells samples and prototypes and FEPs of the AEW action figures because
23 the figures are marked with the AEW trademarks.

24   72.    There is a high likelihood of consumer confusion from Defendant's
25 unauthorized sale of samples and prototypes and FEPs because these items use the
26 same AEW trademarks as Jazwares' legitimate and authorized AEW action figures.

27   73.    The samples, prototypes and FEPs are materially different from the final
28 AEW action figures that Jazwares authorizes for distribution and sale. The material

**TroyGould PC**

12

COMPLAINT

04316-0001 350917.5

1  differences include material differences in the design, coloring, clothing and packaging of the toys.

74. Defendant's unauthorized sale of samples, prototypes and FEPs that Jazwares does not authorize for public release is likely to cause confusion about the sufficiency of Jazwares' quality controls to assure the quality that consumers expect of toys sold under the AEW marks.

75. Defendant knowingly markets and promotes samples and prototypes and FEPs using the AEW trademarks to benefit from the value of those marks amongst collectors of AEW action figures. He does so to enrich himself and to enhance his reputation on social media.

76. Jazwares has been damaged because Defendant's infringement of the AEW trademarks threatens Jazwares' control over the quality of its goods, its reputation among consumers and business partners, and its valuable relationships with licensing partners and vendors.

77. Defendant's violations of the Lanham Act constitute an exceptional case because Defendant has knowingly and willfully trafficked in stolen products bearing the AEW trademarks and has continued to violate AEW's rights under the Lanham Act and mocked and flouted his legal obligations, even after being put on notice by Jazwares that his conduct is illegal.

78. Jazwares is entitled to an award of treble damages and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

(Unlawful Business Practices, Cal. Bus. & Prof. Code § 17200)

79. Jazwares repeats and realleges each and every allegation above as if set forth herein.

80. Defendant has violated numerous laws, including Defend Trade Secrets Act, 18 U.S.C. § 1836, the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  His misconduct also constitutes conversion under California law and criminal theft or larceny and trafficking in stolen property, in violation of Sections 484 and 496 of the California Penal Code

81. Defendant's violations of these laws are a business practice. Defendant's business of illegally reselling samples and prototypes and FEPs of Jazwares' AEW action figures and posting about them is predicated on his unlawful acquisition and sale of samples and prototypes and FEPs and unauthorized disclosure of Jazwares' trade secrets.

82. Jazwares has been damaged by Defendant's unlawful business practices because Defendant has received ill-gotten gains, including profits from the illegal sale of samples and prototypes and FEPs of Jazwares' AEW action figures and Defendant's illegal possession of the samples and prototypes and FEPs themselves, and because his misconduct threatens Jazwares relationships with licensors and business partners and its reputation in the toy industry and with consumers.

## SIXTH CAUSE OF ACTION

(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200)

83. Jazwares repeats and realleges each and every allegation above as if set forth herein.

84. Defendant has engaged in unfair activities that threaten to harm, and have in fact harmed, competition, including by misappropriating Jazwares' trade secrets, illegally obtaining, selling, and posting product samples and prototypes and FEPs that Jazwares does not authorize for public release, and infringing on the AEW trademarks.

85. Defendant's violations of these laws are a business practice. Defendant's business of illegally reselling samples and prototypes and FEPs of Jazwares' AEW action figures and posting about them is predicated on his unlawful acquisition and sale of samples and prototypes and FEPs and unauthorized disclosure of Jazwares' trade secrets.

86. Jazwares has been damaged by Defendant's unlawful business practices because Defendant has received ill-gotten gains, including profits from the illegal sale of samples and prototypes and FEPs of Jazwares' AEW action figures and Defendant's illegal possession of the samples and prototypes and FEPs themselves, and because his misconduct threatens Jazwares relationships with licensors and business partners and its reputation in the toy industry and with consumers.

## SEVENTH CAUSE OF ACTION

(Conversion)

87. Jazwares repeats and realleges each and every allegation above as if set forth herein.

88. Jazwares owns and has a right to possess samples and prototypes and FEPs of its AEW action figures.

89. Defendant has knowingly acted inconsistently with Jazwares' property rights in the samples and prototypes and FEPs of the AEW action figures by illegally acquiring the samples and prototypes and FEPs that are not authorized for public release and then selling the samples and prototypes and FEPs to persons on the internet, all without Jazwares' consent.

90. Jazwares has been damaged by Defendant's interference with Jazwares' property rights in the samples and prototypes and FEPs of the AEW action figures because Defendant's possession and sale of the samples and prototypes and FEPs denies Jazwares control over the quality of its goods, control over its reputation, and control over its relationships with its licensing partners and vendors.

## PRAYER FOR RELIEF

WHEREFORE, Jazwares respectfully requests the following relief:

A. That the Court enter judgment in favor of Jazwares and against Defendant;

B. That the Court preliminarily and permanently enjoin Defendant's wrongful conduct;

C. That the Court enter an order requiring Defendant to provide an accounting of all samples, prototypes, and FEPs of Jazwares' AEW action figures and images thereof that he has ever possessed;

D. That the Court enter an order authorizing the seizure of any samples, prototypes and FEPs of Jazwares' AEW action figures and images thereof that are currently in Defendant's possession;

E. That the Court order Plaintiff to disgorge all revenues received from his sale of samples, prototypes, and FEPs of Jazwares' AEW action figures and images thereof;

F. That the Court award Jazwares compensatory and exemplary damages, in an amount to be determined at trial;

G. That the Court award Jazwares its costs and reasonable attorneys' fees; and

H. That the Court grant Jazwares such other and further relief as it deems just and proper.

## JURY DEMAND

Jazwares demands a trial by jury as to all issues so triable.

Dated: January 6, 2022

JOHN C. ULIN
ERIC M. SEFTON
TROYGOULD PC

By: */s/ John C. Ulin*
JOHN C. ULIN
Attorneys for Plaintiff
JAZWARES, LLC