UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAZWARES, LLC,

    Plaintiff,

v.

EMMANUEL JOSE PEREZ,

    Defendant.

No. C 22-00094 WHA

**ORDER GRANTING TEMPORARY RESTRAINING ORDER, TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND TO EXPEDITE DISCOVERY**

    Plaintiff Jazwares, LLC's ("Jazwares") *ex parte* motion for a temporary restraining order against defendant Emmanuel Jose Perez is before the Court. Having considered the motion and its supporting documents, the Court hereby orders as follows:

    To the following extent, Jazwares' motion for a temporary restraining order is **GRANTED**. The Court finds that Jazwares is likely to succeed on the merits of its trade secret misappropriation claims, its Lanham Act claims, its claims for unlawful and unfair business practices, and its claim for conversion. The Court further finds that defendant's actions are causing Jazwares irreparable harm because they threaten to deprive Jazwares of its ability to control the quality of products identified with its licensed trademarks and threatens to erode Jazwares' business reputation, as it relates to quality control standards and the protection of confidential information about unreleased products and future business plans. The Court

further finds that the balance of equities weighs in favor of granting Jazwares' motion because defendant will suffer no harm from being unable to engage in illegal activities.  Finally, the Court finds that preventing trade secret misappropriation, conversion, unfair competition, and protecting Jazwares' intellectual property rights are in the public interest. Accordingly, the Court finds that all four *Winter* factors weigh in favor of granting Jazwares' motion and issuing a temporary restraining order.

**IT IS HEREBY ORDERED** that defendant, his agents, servants, employees, and all other persons acting in concert or participation with them, are enjoined from:

1. acquiring, disclosing, distributing, selling, or otherwise trafficking in samples, prototypes, or final engineering pilots of Jazwares' products;
2. posting images of samples, prototypes, or final engineering pilots of Jazwares' products on social media platforms, including, without limitation, Instagram and Facebook, Internet websites, or other public forums;
3. interfering with Jazwares' rightful possession of product samples, prototypes, and final engineering pilots for its own products;
4. possessing or disclosing Jazwares' trade secret information, including, without limitation, information about Jazwares' products that have not yet been released to the public.

The Court further finds that this action is a proper case for granting an order to show cause regarding issuance of the preliminary injunction.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, defendant shall appear before this Court on February 24, 2022, at 8:00 a.m. to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending final ruling on Jazwares' claims against defendant, enjoining defendant, his agents, servants, employees, and all other persons acting in concert or participation with them, from the conduct temporarily restrained according to the preceding provisions of this Order.

**IT IS FURTHER ORDERED** that the temporary restraining order and all supporting pleadings and papers must be served by process server upon defendant no later than February 1, 2022.

The Court further finds that there is good cause to expedite defendant's in-person deposition because this case involves claims of trade secret misappropriation, conversion, trademark infringement and unfair competition, and defendant possesses discoverable information about how he has consistently obtained confidential samples and prototypes and final engineering pilots of unreleased Jazwares products that Jazwares does not authorize for public release. Early discovery of this information will enable Jazwares to better prevent any further trade secret misappropriation, conversion, trademark infringement, and unfair competition.

**IT IS FURTHER ORDERED** that defendant appear for his in-person deposition on February 10, 2022.  Due to the COVID-19 pandemic, at his deposition, the court reporter and all other persons in the room must be fully vaccinated (which includes boosters) except, potentially, the defendant.

**IT IS SO ORDERED.**

Dated: January 27, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE